UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| ANGELA M. ELLIS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 4:05-cv-37 ) |
| CAROL A. GAVIN and CHARLES E. GAVIN, | ) Judge Mattice ) ) ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Angela Ellis filed this action in state court against Defendants Carol and Charles Gavin on September 18, 1996, with an initial *ad damnum* of $20,000.00. (Court Doc. No. 1, Notice of Removal ¶¶ 1, 5.)[1] On April 26, 2005, the Circuit Court of Coffee County, Tennessee, allowed Plaintiff to amend the *ad damnum* to exceed $75,000.00. (*Id.* ¶¶ 5, 8.) On May 13, 2005, Defendants removed the case to this Court on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶¶ 4-6.)

An action originally filed in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal court has original jurisdiction in the form of diversity jurisdiction over any action in which the

---

[1] The Court notes that Defendants' Notice of Removal did not conform to the requirements of 28 U.S.C. § 1446(a), as it failed to include "a copy of all . . . pleadings . . . served upon such . . . defendants in such action." Specifically, Defendants Notice of Removal failed to include a copy of the complaint in this matter.

Because the Court does not have a copy of the complaint before it, the Court's decision is based on the representations of the parties regarding the dates of the filing of the complaint and the amendment of the *ad damnum*. (*See* Notice of Removal ¶¶ 1, 8; Court Doc. No. 9, Proposed Pretrial Order 1.) Should the parties wish to dispute the representations they have previously made to the Court regarding the pertinent dates, they may move the Court to reconsider this decision. Any such motion by the parties should include a copy of the original and amended complaints.

matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). In this case, Plaintiff was a citizen of Tennessee and Defendants were citizens of Georgia at the time of the commencement of the case. (Notice of Removal ¶ 4.) Thus, the action was between citizens of different states, as required by § 1332. Originally, the amount in controversy in this matter was $20,000, which was not a sufficient amount in controversy to allow Defendants to remove the case to federal court. After the state court allowed Plaintiff to amend the *ad damnum* to more than $75,000, Defendants removed the case to this Court on the basis of the Court's diversity jurisdiction under § 1332.

Section 1446(b) of Title 28 of the United States Code states that, even if a case is not removable under the terms of the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

Defendants relied on the first portion of the above-quoted sentence to assert that their removal was timely because it had been filed within 30 days after the amendment of the *ad damnum* to an amount over the required amount in controversy under § 1332. (Notice of Removal ¶ 8.) The second portion of the above-quoted sentence, however, clearly prohibits the removal of this case to federal court because Defendants sought removal more than one year after the action commenced in state court.

The Sixth Circuit has previously held that the one-year limitation in § 1446(b) is jurisdictional. *Brock v. Syntec Labs., Inc.*, 7 F.3d 232, 1993 WL 389946, at *1-2 (6th Cir.

1993); see also *Jones Mgmt. Servs., LLC v. KES, Inc.*, 296 F. Supp. 2d 892, 894-95 (E.D. Tenn. 2003) (remanding a case removed after the one-year limitation in § 1446(b) where such removal was based on an increase to the *ad damnum* after the one-year period had expired); *Bearup v. Cincinnati Milacron*, No. 01-CV-74455-DT, 2002 WL 482548, at *3-4 (E.D. Mich. Feb. 28, 2002).

Because this case was removed more than one year after the commencement of the action in state court, section 1446(b) dictates that this Court does not have jurisdiction to preside over this case, and it must be remanded to the state court. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Coffee County, Tennessee.

The Clerk is directed to mail a certified copy of this order to the clerk of the Circuit Court of Coffee County, Tennessee. The Clerk is further directed to close the file in this case.

SO ORDERED this 5th day of April, 2006.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE